# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

MEDIA MATTERS FOR AMERICA, AT AL.,

*Plaintiffs-Appellees*

v.

ANDREW BAILEY, IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE STATE OF MISSOURI

*Defendant-Appellant*

On Appeal from the
United States District Court for the District of Columbia
Case No. 1:24-cv-00147
Hon. Amit P. Mehta

## UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT

In accordance with District of Columbia Circuit Rules 27 and 47.2, and the District of Columbia Circuit Handbook of Practice and Internal Procedures section VIII.B, Defendant-Appellant Andrew Bailey, in his official capacity as the Attorney General of Missouri, hereby respectfully moves this Court to expedite his appeal on the terms set forth below. Counsel for Defendant Appellant has conferred with counsel for Plaintiff-Appellees, and they do no oppose this motion.

Specifically, Defendant-Appellant requests that no briefing extensions be permitted in this case absent extraordinary circumstances, but that the Federal Rules of Appellate Procedure otherwise govern for the timing of briefs. In addition, Defendant-Appellant moves this Court to schedule argument for the first available date after close of briefing.

This case is subject to mandatory expedition under 28 U.S.C. § 1657 as an appeal of "preliminary injunctive relief." Moreover, this motion satisfies this Court's standards for expedition under Section VIII.B, as set forth below. Specifically, "the decision under review is subject to substantial challenge," and "delay [absent expedition] will cause irreparable injury." D.C. Handbook of Prac. & Internal Proc. § VIII.B. This Court also granted a motion to expedite in the companion case involving the Texas Attorney General.

1. This case involves the Missouri Attorney General's investigation into Plaintiff-Appellee Media Matters for potentially deceptive trade practices under the Missouri Merchandising Practices Act ("MMPA"). Op. at 3, *Media Matters for Am. V. Paxton*, No. 1:24-cv-00147-APM (D.C. Cir. Aug. 23, 2024), ECF No. 71 ("Op.). The Act prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any

2

funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri,." Mo. Rev. Stat. § 407.020. There is substantial public record evidence, including an ongoing private party lawsuit, indicating that Media Matters may have violated this provision of the MMPA by creating artificial and inflammatory depictions of the X.com platform and falsely depicting it as if it were an X.com consumer's ordinary experience. A lawsuit by X Corp over similar matter has survived a motion to dismiss. *See*, *e.g.*, *X Corp v. Media Matters for Am.*, No. 4:23-cv-01175, ECF 82 (N.D. Tex., Aug. 29, 2024).[1] The Attorney General of Missouri is investigating whether Media Matters solicited funds from Missouri donors under false pretenses, intending to use donations from Missouri donors for unlawful purposes.

2. On December 11, 2023, the Missouri Attorney General announced the opening of his investigation into Plaintiff-Respondent Media Matters. On March 25, 2024, the Missouri Attorney General issued a civil investigative demand ("CID") to Media Matters seeking documents relevant to Media Matters' conduct in Missouri and documents regarding its apparent defamatory depiction of the X.com platform. Op. 3–4. Also that day, the Missouri Attorney General filed a Petition in Missouri State court seeking enforcement of the CID.

---

[1] https://storage.courtlistener.com/recap/gov.uscourts.txnd.383454/gov.uscourts.txnd.383454.82.0.pdf

3. Media Matters, meanwhile had obtained a preliminary injunction against Kenneth Warren Paxton, Jr., in his official capacity as the Attorney General of Texas, after Paxton opened an investigation. ECF 39. So instead of complying with the CID, Media Matters sought to join the Missouri Attorney General as a defendant in that case, which would guarantee that Media Matters' new case against Attorney General Bailey be in front of the same judge that had just granted Media Matters a preliminary injunction.

4. On April 24, 2024, the district court granted the motion to supplement. ECF 44. The Supplemental Complaint raised four claims against Attorney General Bailey, which mirrored the same claims brought against Attorney General Paxton. Plaintiffs-Respondents subsequently sought a preliminary injunction in the district court barring the Missouri Attorney General's enforcement of the CID. ECF 49. Attorney General Bailey opposed the motion for preliminary injunction and sought dismissal for, among other things, lack of personal jurisdiction over the Missouri Attorney General and *Younger* abstention. ECF 56, 57.

5. On August 22, 2024, the district court rejected Attorney General Bailey's arguments and entered a preliminary injunction based on a finding that Media Matters was likely to succeed on a claim of "First Amendment retaliation." ECF 71 at 19–37. This appeal follows.

6. This Court granted a similar motion to expedite by Defendant-Appellant Attorney General Paxton on April 30, 2024. *See Clerk's Order*, No. 120861807 (Apr. 30, 2024).

7. **The district court's decision is subject to substantial challenge** for at least two reasons: (1) the district court did not have personal jurisdiction over Defendant-Appellant Attorney General Bailey; (2) *Younger* abstention barred Plaintiffs-Respondents federal court suits while a State court proceeding was pending where all of their claims could have been raised as defenses to that suit.

8. *First*, on personal jurisdiction, the district court found that "[b]oth the transacting business prong, D.C. Code § 13-423(a)(1), and the tortious conduct prong, § 13-423(a)(3), confer long-arm jurisdiction that is consistent with due process." The district court reasoned that the Attorney General's mere hiring of a process server for purposes of serving the Missouri State court petition on Plaintiff-Appellant Media Matters "constitute[s] 'transacting business' in the district" and "was an act in the District of Columbia that injured Plaintiffs' constitutionally protected interests." Op. at 14–16. But, in this Circuit, it does not appear that a district court has ever found personal jurisdiction over an out-of-State Attorney General, let alone for mere service of process of a lawful State court petition, before the district court did so in the cases against Attorney Generals Paxton and Bailey.

9. *Second*, the district court found *Younger* abstention inappropriate because "the Missouri enforcement action is more like a civil contempt proceeding than a criminal prosecution" and "[t]he mere prospect of a state court's issuance of a coercive order is not enough to abstain under *Younger*." Op. at 8–13. But in doing so, the district court had to expressly "disagree[ ] with the decision to abstain made by the Eastern District of Missouri." Op. at 13 n.2. And when a public official initiates a proceeding in state court, federal courts must, "except in extraordinary circumstances," abstain from suits that would interfere with that ongoing state proceeding. *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1120 (D.C. Cir. 2004). "[I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). Here, where there is an ongoing enforcement proceeding in State court, binding Supreme Court precedent requires the district court presume that forum is adequate and abstain from hearing Plaintiffs-Respondents' suit. Indeed, the district court's order places extraordinary stress on federalism, because the court's order has in effect enjoined a state court from hearing a pending case.

10. **Attorney General Bailey is experiencing irreparable harm** because "[a]ny time a State is enjoined by a court from effectuating statutes enacted by

representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, U.S. 1301, 1303 (2012) (Roberts, C.J. in chambers). That injury extends for as long as the injunction is in place. The injury here is enhanced given the significant federalism concerns inherent in a federal court issuing an order that in effect blocks a state court from hearing an action concerning the same issues.

11. Defendant-Appellant Attorney General Bailey respectfully requests that the Court expedite resolution of this appeal. Defendant-Appellant does not propose a modification of the default briefing schedule under the Federal Rules of Appellate Procedure, but respectfully requests that the Court calendar "this case for oral argument on the first available date following the completion of briefing." *See Archdiocese of Wash. v. Wash. Metro. Area Transit Auth.*, 877 F.3d 1066, 1068 (D.C. Cir. 2017) (granting expedited review). The parties have both also agreed not to take any extension of the briefing deadlines absent extraordinary circumstances.

## CONCLUSION

Defendant-Appellant Attorney General Bailey respectfully requests the Court grant the motion to expedite oral argument in this appeal.

Date: October 28, 2024

Respectfully submitted,

Andrew Bailey
Attorney General of Missouri

/s/ *Joshua M. Divine*
Joshua M. Divine
Solicitor General

Jeremiah J. Morgan
Deputy Attorney General – Civil
Reed C. Dempsey
Deputy Solicitor General

Office of the Attorney General
Supreme Court Building
207 West High Street
P.O. Box 899
Jefferson City, Missouri 65102
Tel. (573) 751-1800
Fax (573) 751-0774
josh.divine@ago.mo.gov

*Counsel for Defendant Missouri Attorney General*

## CERTIFICATE OF SERVICE

I certify that on October 28, 2024, a true and accurate copy of the foregoing document was electronically filed through the Court's CM/ECF System and that a copy of the foregoing will be sent via email to all parties by operation of the Court's electronic filing system.

/s/ *Joshua M. Divine*
Counsel for Missouri Attorney General
