# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEDIA MATTERS FOR AMERICA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WARREN KENNETH PAXTON JR., in his official capacity as Attorney General of the State of Texas,<br><br>ANDREW BAILEY, in his official capacity as Attorney General of the State of Missouri,<br><br>Defendants. | Civil Action No. 24-cv-147-APM |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into between Media Matters for America and Eric Hananoki ("Plaintiffs") and Andrew Bailey, in his official capacity as the Attorney General of Missouri ("Defendant"), all of whom are "Parties" to the above-captioned case (the "Litigation").

**WHEREAS** Defendant initiated an investigation into Media Matters for America (the "Investigation") to determine whether Plaintiff engaged in unlawful activity to solicit donations from Missourians in connection with Plaintiffs' November 16, 2023 and November 17, 2023 articles ("November 2023 Articles") reporting on X Corp and allegations in a lawsuit filed by X Corp against Plaintiffs on November 20, 2023, *see X Corp. v. Media Matters*, No. 4:23-cv-01175 (N.D. Tex. Nov. 20, 2023);

**WHEREAS** Defendant issued a Civil Investigative Demand to Media Matters for America on March 25, 2024 (the "CID") in connection with the Investigation;

**WHEREAS** Defendant asserts that the Investigation was initiated entirely because of public statements made by Texas Attorney General Kenneth Paxton and the publicly-available allegations advanced by X Corp. in *X Corp. v. Media Matters for America, et al.*, in federal court in the Northern District of Texas;

**WHEREAS** Defendant asserts that none of the evidence his office has uncovered so far shows Media Matters for America using funds from Missouri for its activities related to the November 2023 Articles;

**WHEREAS** Defendant asserts he has not uncovered evidence of Media Matters operating in Missouri in a way that violates Missouri state law; and

**WHEREAS** Plaintiff Media Matters for America asserts that it has no knowledge of donor funds raised from Missouri donors being used to facilitate publication of the November 2023 Articles undergirding this dispute;

**WHEREAS** Defendant continues to assert that the U.S. District Court for the District of Columbia never had personal jurisdiction over Defendant;

The Parties agree as follows:

1. Defendant will formally terminate the Investigation, withdraw the CID in writing, and dismiss with prejudice the litigation captioned *Missouri ex rel. Bailey v. Media Matters for Am.*, No. 24AC-CC0229, in Cole County Circuit Court in Missouri (the "Missouri Litigation"), within three (3) business days of the effective date of this Agreement.

2. Defendant will withdraw its appeal of this Court's August 22, 2024 order granting Plaintiffs' motion for preliminary injunction, which is currently pending in the D.C. Circuit Court of Appeals, *Media Matters for America, et al. v. Missouri Attorney General Andrew Bailey*, Case No. 24-7141.

3. Defendant, the Missouri Attorney General's Office, and any successor to Defendant's responsibilities, agree to refrain from engaging in any future investigatory conduct related to the CID, including any investigatory conduct based on the facts and circumstances that gave rise to the CID.

4. Defendant will produce to Plaintiffs all nonprivileged documents and communications with any other Attorney General in the United States (including but not limited to Texas Attorney General Kenneth Paxton), X Corp., or Elon Musk pertaining to Plaintiffs or the November 2023 Articles, from November 16, 2023 to the present, via electronic transfer by no later than seven (7) business days after the effective date of this Agreement (along with a privilege log to the extent a privilege claim is asserted over any responsive documents).

5. Plaintiffs will file an unopposed motion to dismiss with prejudice all of its claims against Defendant in this Litigation within three (3) business days of (a) the effective date of this Agreement or (b) Defendant's dismissal of the litigation in the Cole County Circuit Court, whichever occurs later.

6. Plaintiffs agree not to seek to depose Attorney General Bailey or anybody in his office as part of its ongoing litigation against Attorney General Paxton.

7. Plaintiffs completely release and forever discharge the Defendant of any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, or costs that have been or could have been raised in connection with this Litigation. Defendant completely releases and forever discharges Plaintiffs of any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, or costs that have been or could have been raised in connection with this Litigation or the Missouri Litigation.

8. Each Party shall bear his or its own attorneys' fees and costs arising from the Investigation, CID, Litigation, and the Missouri Litigation.

9. In any action of any kind relating to this Agreement—including any action for breach of this Agreement or seeking to enforce this Agreement—the prevailing party shall be entitled to collect reasonable attorneys' fees and costs from the non-prevailing party in addition to any other recovery to which the prevailing party is entitled.

10. The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute this Agreement on behalf of, and to bind, the entity on whose behalf the signature is affixed.

11. The Parties acknowledge they have had the right to consult with an attorney before signing this Agreement. The Parties represent and warrant they have read this Agreement and reviewed it with their counsel, and further represent and warrant that they have executed this Agreement of their own free will and accord without further representation of any kind or character not expressly set forth herein.

12. This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in this Agreement shall not be interpreted against any one Party.

13. This Agreement contains the entire understanding of the Parties hereto, supersedes any and all prior agreements or understandings, statements, promises, or inducements contrary to the terms of this Agreement, and shall not be amended except by written instrument expressly referring to this Agreement and signed by all of the Parties hereto.

14. This Agreement is binding on the Parties, their successors in office, employees, representatives, delegates, agents, assigns, and all persons acting on their behalf, to the extent permitted by law or required by this Agreement.

15. This Agreement may be executed in counterparts, each of which shall constitute an integrated and enforceable whole.

16. The effective date of this Agreement shall be the date by which all Parties have executed this Agreement.

IN WITNESS WHEREOF, the undersigned, having represented and warranted their authority to enter into and execute this Agreement, have executed this Agreement effective as of the last date written below.

*Angelo Carusone*                                      2/10/2025
[Signatory for Media Matters for America]            Date

*EH*                                               2/10/2025
[Signatory for Eric Hananoki]                       Date

*Josh Divine*   Solicitor General                  2-10-25
[Signatory for Attorney General Andrew Bailey]     Date